File 6/23/22  P. v. Holmes CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B314068 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA119633) |
| v. | |
| MARCUS HOLMES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mike Camacho, Judge.  Affirmed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

————————————————

Marcus Holmes appeals his convictions for two counts of injuring a spouse/girlfriend, assault with a deadly weapon, and misdemeanor vandalism. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), in which no issues were raised. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant and S.M. were in a dating relationship. On November 16, 2018, the couple got into an argument and defendant accused S.M. lying about talking to her mother on the phone. Defendant initially tussled with S.M. in an effort to obtain her cell phone. During the struggle, defendant choked S.M. and hit her in the mouth.

Two days later, on November 18, defendant accused S.M. of cheating. Defendant charged at S.M., choked her, slapped her in the face, punched her in the ear, and kicked her in the chest after she had fallen on the floor. Defendant took S.M.'s cell phone and left. S.M. called her mother; her mother and her mother's boyfriend came over to S.M.'s apartment. Defendant then returned, and started pounding on S.M.'s front door. When the mother's boyfriend answered the door and asked defendant to return S.M.'s cell phone, defendant pulled out a knife and came toward the boyfriend with his arm extended (the boyfriend was not injured). Before leaving, defendant spit in the mother's face and threw a brick through the front window of S.M.'s apartment.

On September 11, 2019, the People charged defendant in a four-count information with: two counts of injuring a spouse/girlfriend, assault with a deadly weapon (the knife attack on mother's boyfriend), and misdemeanor vandalism (throwing a brick through S.M.'s window). The information also alleged

2

defendant had two prior convictions for serious felonies and served three prior prison terms.

While the case was pending, defendant filed numerous *Marsden* motions, all of which the trial court denied.  (See *People v. Marsden* (1970) 2 Cal.3d 118.)  The court has reviewed each of those motions.

During the jury trial, S.M., S.M.'s mother, the mother's boyfriend, and S.M.'s neighbor testified to the events described above.  The jury convicted defendant as charged.  Defendant admitted the prior allegations as alleged.

On July 28, 2021, the court dismissed one of the strikes in furtherance of justice and imposed a total prison term of 22 years.  On each of counts 1 and 2 (injuring a spouse/girlfriend) the court imposed consecutive terms of one year, doubled to two years.  On count 3 (assault with a deadly weapon), the court imposed the upper term of four years, doubled to eight years.  The court imposed two consecutive five-year terms for defendant's two priors.  On count 5 (misdemeanor vandalism), the court sentenced defendant to a concurrent term of 364 days. (There was no count 4.)

On July 29, 2021, defendant filed a timely notice of appeal from the judgment.  On March 16, 2022, his appointed counsel filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436, in which no issues were raised.  The brief included a declaration from counsel that he reviewed the record and sent defendant a letter advising him that such a brief would be filed and that he could file a supplemental brief if he chose to.  On March 17, 2022, this Court sent defendant (at a Los Angeles County Jail address) a letter advising him that a *Wende* brief had been filed and that he had

30 days to submit a brief raising any issues he wanted us to consider. That letter was returned to this court as undeliverable.

On May 16, 2022, this Court sent defendant a letter to his current location in state prison, stating his counsel had filed a *Wende* brief, and that he had until June 15, 2022, to file a supplemental brief or letter stating any grounds for appeal. Defendant did not file a supplemental brief.

### *DISPOSITION*

We have examined the entire record and are satisfied that defendant's attorney fully complied with his responsibilities and that no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259; *Wende, supra*, 25 Cal.3d 436.). The judgment is affirmed.


RUBIN, P. J.

WE CONCUR:



BAKER, J.



KIM, J.

4